UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: **02-21594**

CREATIVE CHOICE HOMES, II, LTD.,

    Plaintiff,

**CIV-MOORE**

v.

MAGISTRATE JUDGE
O'SULLIVAN

BANKERS INSURANCE COMPANY, and
BROWN & BROWN, INC.

    Defendants.

## COMPLAINT

The Plaintiff, CREATIVE CHOICE HOMES II, LTD., sues the Defendants, BANKERS INSURANCE COMPANY, and BROWN & BROWN, INC., and alleges:

### COUNT I
### (BANKERS INSURANCE COMPANY)

1. This is an action for damages that exceed the sum of $75,000, and this court has jurisdiction pursuant to 42 U.S.C. §4072.

2. The plaintiff is a Florida Limited Partnership with its principal place of business in Palm Beach County, Florida.

3. At all times material, the plaintiff has owned real property and buildings located thereon at Opa-Locka Florida, commonly known as the Gardens Apartments ("the property") as follows:

1



Creative Choice v. Bankers and Brown & Brown
Complaint
Page 2

| ADDRESS | POLICY NUMBER |
|---|---|
| 13132-13140 Port Said Road | 09 0007663669 |
| 13122-13130 Port Said Road | 09 0007663670 |
| 13142 Port Said Road | 09 0007663671 |
| 13436-13450 Aswan Road | 09 0007663672 |
| 13002-13110 Alexandria Drive | 09 0007663673 |
| 13112-13120 Alexandria Drive | 09 0007663674 |
| 13144 Port Said Road | 09 0007663675 |
| 13412-13424 Aswan Road | 09 0007663676 |

4. At all times material, Defendant, BANKERS INSURANCE COMPANY ("Bankers") was a foreign insurance company authorized to do and doing business in the State of Florida and issued the policies of insurance alleged below to the plaintiff.

5. Commencing on or about January 5, 2000, and through January 5, 2001, Defendant BANKERS issued to plaintiff its insurance policies, providing water, hurricane, and flood insurance for the property, as evidence by the sample Declaration Sheets attached. Copies of the full policies are not attached because of their bulk, but defendant Bankers has copies thereof.

6. At all times material, and continuously from January 5, 2000, through January 5, 2001, the Plaintiff made all required premium payments for the insurance policies issued by BANKERS, referenced above.

7. On or about October 4, 2000, the property and the buildings thereon suffered water and flood damage.

8. Thereafter, plaintiff submitted claims under the BANKERS' insurance policies for the foregoing damages. However, Defendant, BANKERS, has breached its obligation under the foregoing polices by failing to pay the full amount of the damages claimed and due.

9. Plaintiff has complied with all conditions precedent under the subject insurance policies and under the regulations of National Flood Insurance Program, or those conditions have been waived by Defendant BANKERS, or the Unites States Government.

10. As a result of the improper adjustment and payment of the claims submitted by plaintiff, plaintiff has been damaged by not receiving insurance coverage/payments in the amount of $250,000 per building, or a total of $2,000,000 setting off the amount already paid of $383,768.55, for total principal damages of $1,616,231.50.

WHEREFORE, plaintiff demands judgment for damages and court costs against Defendant, BANKERS INSURANCE COMPANY.

## COUNT II
## (BROWN & BROWN, INC.)

11. Plaintiff realleges and incorporates paragraphs 1,2,3, and 5.

12. At all times material, Defendant, BROWN & BROWN, INC., conducted business in Palm Beach County, Florida as an insurance agent and consultant by advising Plaintiff on its insurance needs in Palm Beach County, Florida, including the proper amount, type, and number of flood insurance policies for the Plaintiff's property.

3

Creative Choice v. Bankers and Brown & Brown
Complaint
Page 4

13. At all times material, Defendant, BROWN & BROWN, INC., negligently advised or represented to Plaintiff or led Plaintiff to believe that plaintiff was appropriately insured for each of the buildings on its property.

14. At all times material, and continuously from January 5, 2000, through January 5, 2001, the Plaintiff made all required premium payments for the insurance policies issued by BANKERS, referenced above.

15. On or about October 4, 2000, the property and the buildings thereon suffered water and flood damage.

16. As a result of Defendant's, BROWN & BROWN, INC., negligence, BANKERS claims that the policies insured only one (1) wing of certain covered buildings, instead of the entire building at each location. Defendant, BROWN & BROWN, INC., knew or should have known by virtue of their claimed expertise as insurance agents, that under National Flood Insurance Program ("NFIP") regulations and claims manuals, the subject buildings on plaintiff's property could possibly be construed by BANKERS and its adjusters as consisting of more than one (1) building at each location rather than one (1) building at each location.

17. As a result of BROWN & BROWN's negligence, Plaintiff has been damaged by not receiving insurance coverage/payments in the amount of $250,000 per building, for no less than $500,000 setting off the amount already paid by BANKERS.

Creative Choice v. Bankers and Brown & Brown
Complaint
Page 5

WHEREFORE, Plaintiff demands judgment for damages, interest, and costs against Defendant, BROWN & BROWN, INC.

Dated **MAY** _29_, 2002.

                                                    CLYATT & RICHARDSON, P.A.
                                                    1551 Forum Place, Ste. 300-F
                                                    West Palm Beach, FL 33401
                                                    Attorneys for Plaintiff
                                                    (561) 471-9600

BY: _/s/ K. R._____
              Kevin F. Richardson (329185)
and

PETER M. COMMETTE, P.A.
1323 S.E. Third Avenue
Fort Lauderdale, FL 33316
Attorney for Plaintiff
(954) 764-0005

BY: _/s/ K. R., for_____
              Peter M. Commette (350133)

F:\Jennifer\CREATIVE\Bankers\Complaint.wpd

JS 44
Rev. 12/96)

# CIVIL COVER SHEET      02-21594

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

CIV-MOORE

| (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| CREATIVE CHOICE HOMES, II, LTD. | BANKERS INSURANCE COMPANY and BROWN AND BROWN, INC. |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __Palm Beach__ (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __Palm Beach__ (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

MAGISTRATE JUDGE
O'SULLIVAN

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Clyatt and Richardson, P.A., 1551 561-471-9600 Forum Place, Suite 300E, West Palm Beach, FL 33401 | |

(d) CIRCLE COUNTY WHERE ACTION AROSE: (DADE,) MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury — Product Liability | B☐ 630 Liquor Laws | A PROPERTY RIGHTS | B☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers Liability | | B☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | PERSONAL PROPERTY | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | A LABOR | B SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| A REAL PROPERTY | A CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | ☐ 790 Other Labor Litigation | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | A☐ 791 Empl. Ret. Inc. Security Act | A☐ 871 IRS — Third Party 26 USC 7609 | A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 U.S.C. 4072. Action of flood insurance policy.

LENGTH OF TRIAL
via ___ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23
DEMAND $1,616,231.50
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 5/29/02
SIGNATURE OF ATTORNEY OF RECORD
Kevin F. Richardson, Esq. ((329185)

---

FOR OFFICE USE ONLY

RECEIPT # 716398  AMOUNT $150.00  APPLYING IFP _____  JUDGE MOORE  MAG. JUDGE O'Sullivan